UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KAREN A. YAGLEY and
CHRISTOPHER YAGLEY,

                Plaintiffs,

v.                                                                    Case No. 08-14658
                                                                      Honorable Julian Abele Cook, Jr.

CITY OF DEARBORN, DEARBORN BUILDING
AND SAFETY, NINETEENTH DISTRICT COURT,
and DEARBORN POLICE DEPARTMENT,

                Defendants.


<u>ORDER</u>

On July 28, 2008, the *pro se* Plaintiffs, Karen Yagley and her husband Christopher Yagley,

filed a complaint against the Defendants, the City of Dearborn, Dearborn Building and Safety, the

Nineteenth District Court, and the Dearborn Police Department, in the Third Judicial Circuit Court

of Wayne County, Michigan.  Their complaint is based upon the Defendants' alleged violations of

(1) the Americans with Disabilities Act, 42 U.S.C. § 42101 et seq., and (2) the Whistleblowers'

Protection Act of Michigan, Mich. Comp. Laws § 15.362.

I.

In their complaint, Karen Yagley contends that she filed a work-related complaint with the

United States Environmental Protection Agency against the Hawthorn Center in Michigan where

she was employed as a registered nurse.  She also claims to have filed a series of complaints  with

other regulatory agencies, all of which pertained to allegedly serious health issues, as well as unsafe

1

working and living conditions, within the Hawthorn Center. However, the Plaintiffs submit that the Defendants  - rather than addressing these health and safety issues  - engaged in a series of retaliatory measures against them.

Feeling aggrieved, they initiated this lawsuit. One of the Defendants, City of Dearborn ("City"), after being served with the complaint on October 27, 2008, caused the lawsuit to be removed to this federal court on the basis of  28 U.S.C. § 1441(b) which provides that "[any]  civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

On March 16, 2009, the Plaintiffs filed a motion which sought authorization from the Court to remand this lawsuit to a state court for further proceedings.[1]  However, an examination of the official records in this cause reveal that, despite the passage of more than ninety days since the Plaintiffs' motion was filed with the Court, none of the Defendants have submitted any expression of opposition to the Plaintiffs' motion.

In the support of their motion to remand, the Plaintiffs maintain that the events which led to the commencement of this litigation "took place in Michigan and belong in a Michigan court." The Court also notes that their complaint contains a claimed violation of a federal statute; namely, the Americans with Disabilities Act.  Thus,  it appears that the Court has the power to adjudicate this matter on the basis of its federal question and supplemental jurisdiction.  *See* 28 U.S.C. §§

---

[1] The Plaintiffs filed a pleading titled "Notice of removal/motion to object to the transfer of this case to the United States Dist[r]ict Court," which has been construed by the Court as a motion to remand.

1331, 1367.[2] Accordingly, inasmuch as (1) the Defendants have properly removed the case and (2) the Plaintiffs have not provided the Court with any reason why it cannot preside over this matter, their request must be denied.

III.

Therefore, for the reasons stated above, the Court must, and does, deny the Plaintiffs' motion to remand.

IT IS SO ORDERED.

Dated:   July 2, 2009           S/Julian Abele Cook, Jr.
         Detroit, Michigan      JULIAN ABELE COOK, JR.
                                United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 2, 2009.

s/ Kay Doaks
Case Manager

---

[2] 28 U.S.C. § 1367 states, in relevant part: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."