UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN A. YAGLEY and
CHRISTOPHER YAGLEY,                          No. 08-14658

        Plaintiffs,                     District Judge Julian Abele Cook, Jr.

v.                                            Magistrate Judge R. Steven Whalen

CITY OF DEARBORN, ET AL.,

        Defendants.
                                              /

**ORDER**

Plaintiffs Karen A. Yagley and Christopher Yagley appear *pro se* in this case that was removed from the Circuit Court for Wayne County, Michigan. Before the Court is Defendants' Motion for Sanctions [Docket #12]. Plaintiffs have not filed a response, nor did they appear at the hearing on this motion, which was noticed for March 11, 2010. For the reasons discussed below, Defendants' motion is GRANTED IN PART.

Defendants state that Plaintiffs have repeatedly failed to appear for their depositions after being given notice as to their date, time and location, and request that pursuant to Fed.R.Civ.P. 37(d), the complaint be dismissed.

Rule 37(d)(1)(A)(i) gives the Court discretion, on motion, to order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." Rule 37(d)(3) provides that sanctions "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." This would include dismissal under subsection (A)(v). "Rule 37(d)

leaves no doubt that the court may impose sanctions, including dismissal, if the party fails to comply even without entry of an order compelling compliance." *Reese Corporation v. Rieger*, 201 B.R. 902, 907 (E.D. Mich. 1996).

The Sixth Circuit has deemed dismissal "a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Regional Refuse Systems v. Inland Reclamation Co.,* 842 F.2d 150, 153-54 (6th Cir.1988). The Plaintiffs in this case clearly appear to be acting willfully and in bad faith. However, to justify dismissal as a discovery sanction under Rule 37(b), courts should consider four factors, specifically "(1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; (4) whether less drastic sanctions have been imposed or ordered." *Phillips v. Cohen,* 400 F.3d 388, 402 (6th Cir.2005). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on the merits is dismissal appropriate." *Reese Corp., supra*, 201 B.R. at 902.

While the first two factors–bad faith and prejudice to the Defendants–weigh against the Plaintiffs, they have not up to this point been given notice that dismissal could be a sanction for failing to show up for their depositions, and lesser sanctions have not yet been imposed. Therefore, I decline to order dismissal at this time.

However, lesser sanctions are clearly appropriate. Defendants' counsel was required to prepare a motion, and he appeared at oral argument on March 11, 2010. Therefore, pursuant to Rule 37(d)(3), the Plaintiffs shall be required to pay the

Defendants' reasonable expenses and attorney's fees, which the Court assesses in the amount of $250.00. The obligation to pay this amount is joint and several as to Plaintiffs Karen A. Yagley and Christopher Yagley, and they shall forward payment to Defendants' counsel within 14 days of the date of this Order.

In addition, the Plaintiffs are ordered to appear for their depositions on April 6, 2010, at a time and place to be determined by Defendants' counsel, who shall serve deposition notices on Plaintiffs.[1]

Plaintiffs are advised that their failure to comply with this Order or to appear as directed for their depositions will result in further sanctions under Rule 37, including dismissal of this action with prejudice.[2]

IT IS SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 16, 2010

CERTIFICATE OF SERVICE

---

[1] Service will be by mailing the deposition notices to the Plaintiffs' last known address, as provided in Fed.R.Civ.P. 5(b)((2)(C)

[2] At the hearing on this motion, Defendants' counsel stated that Plaintiff Christopher Yagley had signed a stipulation to voluntarily dismiss his complaint. However, the stipulation has not been filed with this Court. If Mr. Yagley voluntarily dismisses his case before April 6, 2010, he will not be required to appear at his deposition.

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 16, 2010.

                                               S/G. Wilson
                                               Judicial Assistant